## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 721 BOURBON, INC.<br><br>　　　　　　Plaintiff<br><br>v.<br><br>JIMMY O, LLC, doing business as<br>WOODY'S EAST COAST BAR & GRILL,<br>and individual, JAMES P. O'CONOR<br><br>　　　　　　Defendants | CIVIL ACTION NO.:<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

### COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, DECEPTIVE TRADE PRACTICES, AND BREACH OF CONTRACT

Plaintiff 721 Bourbon Inc. ("Tropical Isle"), doing business as Tropical Isle, submits this Complaint against defendants Jimmy O, LLC, doing business as Woody's East Coast Bar & Grill, and individual, James P. O'Conor (collectively, the "Defendants")  and alleges as follows:

### Nature of Action

1.　　　Tropical Isle is the owner and operator of several French Quarter-based Tropical Isle bars and nightclubs that for nearly three decades have sold the world-renowned GRENADE and HAND GRENADE specialty cocktails.

2.　　　Tropical Isle holds eight (8) valid federal trademark registrations for its family of GRENADE trademarks, including registrations for GRENADE and HAND GRENADE in prepared alcoholic cocktails

3.　　　This action results from Defendants' unauthorized and willful sale of counterfeit products that infringe Tropical Isle's family of GRENADE trademarks, specifically its GRENADE Mark and HAND GRENADE Mark, causing harm to Tropical Isle.

4.      This action is for willful federal trademark infringement, federal trademark counterfeiting, federal trademark dilution, federal unfair competition, state trademark infringement in violation of the Delaware Trademark Act, deceptive trade practices in violation of the Delaware Uniform Deceptive Trade Practices Act, DEL. C. § 2531, *et seq*, and breach of contract.

## THE PARTIES

5.      721 Bourbon Inc. is a Louisiana corporation with its principal place of business at 718 Orleans Avenue, New Orleans, Louisiana.  721 Bourbon Inc. does business under the trade name "Tropical Isle."

6.      Tropical Isle owns several federal trademark registrations for its family of GRENADE marks including but not limited to U.S. Reg. No. 3,371,764, U.S. Reg. No. 1,877,862, U.S. Reg. No. 1,806,334, U.S. Reg. No. 2,273,105, U.S. Reg. No. 2,635,498, U.S. Reg. No. 4,419,090, U.S. Reg. No. 4,419,091, and U.S. Reg. No. 3,965,323.

7.      Defendant Jimmy O, LLC, doing business as Woody's East Coast Bar & Grill ("Woody's"), based on information and belief, is a Delaware limited liability company having a place of business at 1904 Coast Highway, Dewey Beach, Delaware 19971.

8.      Defendant James P. O'Conor ("Mr. O'Conor"), based on information and belief, is a resident of Delaware.  Upon information and belief, Mr. O'Conor owns, operates and has control over Woody's.  James P. O'Conor, 20913 Coastal Highway, Rehoboth Beach, Delaware 19971 is the registered agent for Jimmy O, LLC.

## JURISDICTION AND VENUE

9.      This case involves trademark infringement under the Trademark Laws of the United States.

10.     This Court has subject matter jurisdiction over Tropical Isle's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), which this Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and §1125. The Court has supplemental jurisdiction over Tropical Isle's state law claims pursuant to 28 U.S.C. §§1338(b) and 1367.

11.     Defendants are subject to the personal jurisdiction of this Court because, among other things, Defendants have purposefully availed themselves of the benefits of doing business in the State of Delaware, by advertising and promoting goods to the residents of Delaware and by causing injury to Tropical Isle within Delaware.

12.     This Court has jurisdiction based upon Delaware's long-arm statute 3 *Del. C.* § 3104.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2) and (c)(2) because Defendants are subject to personal jurisdiction in this district and therefore are residents of this district, and because a substantial part of the events giving rise to Tropical Isle's claims took place in this district.  Moreover, Defendants transact business in this district, have committed tortious acts in this district and have engaged in activities that subject them to the jurisdiction of this Court.

## Tropical Isle's HAND GRENADE Marks

14.     Tropical Isle operates restaurant, bar and nightclub services in the world-famous New Orleans French Quarter.  The business known as Tropical Isle originated during the 1984 Louisiana World Exposition.

15.     Tropical Isle owns several federal trademark registrations for its family of GRENADE Marks including but not limited to U.S. Reg. No. 2,273,105 for the mark GRENADE ("GRENADE Mark") for "prepared alcoholic cocktails" (Incontestable under 15

U.S.C § 1065), U.S. Reg. No. 1,806,334 for the mark HAND GRENADE ("HAND GRENADE Mark") for "prepared alcoholic cocktails" (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 1,877,862 for the mark HAND GRENADE (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 2,635,498 for the mark HOME OF THE HAND GRENADE (Incontestable under 15 U.S.C § 1065), U.S. Reg. No. 4,419,090 for the mark SKINNY HAND GRENADE, U.S. Reg. No. 4,419,091 for the mark SKINNY GRENADE, U.S. Reg. No. 3,371,764 for the mark GRENADE ENERGY DRINK (Incontestable under 15 U.S.C § 1065), and U.S. Reg. No. 3,965,323 for Tropical Isle's HAND GRENADE cup design. (These marks shall be collectively referred to as "Tropical Isle's Family of GRENADE Marks")

16.     Throughout the United States, and in foreign countries, Tropical Isle is known for its unique specialty cocktails, served in souvenir cups, with associated toys and novelty items. These cocktails are in great demand among tourists visiting New Orleans, and mixes for preparing the cocktails are sold in interstate commerce by Tropical Isle for private home use, and use at private parties.  These cocktails are promoted regularly in publications with interstate and international circulation and have been featured on television networks, such as MTV, in movies, in magazines, and in various national and international newspapers. The cocktails are also promoted widely via the internet, including at Tropical Isle's website www.tropicalisle.com.

17.     Since at least as early as March 1987, Tropical Isle has used the Tropical Isle's Family of GRENADE Marks, specifically its GRENADE Mark and HAND GRENADE Mark, continuously and in interstate commerce to identify Tropical Isle's specialty cocktail – known as New Orleans' Most Powerful Drink – and to distinguish it from the cocktails and beverages of others.  The reputation of Tropical Isle's GRENADE and HAND GRENADE cocktails has grown continuously over the past nearly thirty (30) years, and since long before the Defendants'

acts complained of herein, consumers have recognized the HAND GRENADE Mark, and the abbreviated mark, GRENADE Mark, as designating cocktails of the highest quality, known for their unique flavor, novel presentation, and high alcoholic content, that originates exclusively from Tropical Isle.

18.     Tropical Isle's establishments are known as the HOME OF THE HAND GRENADE and this designation appears on the exterior sign of Tropical Isle's business premises, as well as in advertising for Tropical Isle's goods and services.  Tropical Isle's Family of GRENADE Marks, are distinctive marks, have acquired secondary meaning, and are world-famous.

19.     The recipe for the HAND GRENADE cocktail is proprietary to Tropical Isle. Tropical Isle undertakes significant efforts, and expends considerable sums each year, to ensure that HAND GRENADE cocktails are not served, and cannot be purchased, at any commercial establishment that is not controlled by Tropical Isle.  Thus, consumers wanting to enjoy an authentic HAND GRENADE cocktail may do so only at a Tropical Isle establishment.

20.     Since Tropical Isle began using Tropical Isle's Family of GRENADE Marks, substantial time, money and labor have been devoted to the development, enhancement, expansion, advertisement, promotion and marketing of product lines incorporating Tropical Isle's Family of GRENADE Marks.  Currently, those product lines include not only the authentic HAND GRENADE and GRENADE cocktails, but also non-alcoholic mixes for preparing the cocktails for private use, private label liquors, novelty items such as "party packs," cups and beverage containers, t-shirts, caps, visors, bandanas, Mardi Gras beads, lighters, bumper stickers, condoms, bean bag toys, and shopping bags, all bearing a mark from Tropical Isle's Family of GRENADE Marks.  As a result of these efforts, the extensive goodwill built up by Tropical Isle,

and the high quality of products manufactured under the marks, Tropical Isle's annual sales of products incorporating marks from Tropical Isle's Family of Marks exceed millions of dollars.

21.     Tropical Isle's federal trademark registrations for Tropical Isle's Family of GRENADE Marks are valid, subsisting and remain in full force and effect, and evidence Tropical Isle's exclusive right to use Tropical Isle's Family of GRENADE Marks in connection with the goods identified in the registrations.   Additionally, a number of Tropical Isle's federal trademark registrations have become incontestable.   Tropical Isle has the right to sue for and recover damages for infringement of Tropical Isle's Family of GRENADE Marks.

22.     At no time has Tropical Isle licensed or otherwise authorized Defendants to use any of Tropical Isle's trademarks.

## DEFENDANTS' INFRINGING CONDUCT

23.     Defendants own and operate a restaurant in Dewey Beach, Delaware, known as Woody's East Coast Bar & Grill.

24.     Woody's has sold, offered for sale, marketed and advertised alcoholic cocktails designated as "Hand Grenade", which infringe one or more of Tropical Isle's Family of GRENADE Marks, and specifically its GRENADE Mark and HAND GRENADE Mark. Customers are likely to be confused that the alcoholic cocktails offered for sale, sold and marketed by Woody's as "Hand Grenade" are somehow affiliated with, approved or sponsored by Tropical Isle.

25.     Defendant Mr. O'Conor is the founder of defendant Woody's.  Mr. O'Conor is responsible for overseeing the marketing of Woody's goods and services, including the company's promotion of the infringing goods.  Mr. O'Conor was personally involved in the decision to offer for sale the infringing goods and participate in the development of Woody's

promotional materials, including menus and online materials.   Mr. O'Conor approved and authorized Woody's infringing actions and is the principal, driving force behind the infringement.

26.      Tropical Isle discovered in the spring of 2011 that Woody's was promoting, marketing and selling an alcoholic cocktail to consumers under the name "Hand Grenade" claiming to be the "Home of the famous Hand Grenade!"

27.      Tropical Isle mailed to Woody's a letter on June 11, 2011 asserting Tropical Isle's exclusive rights to use Tropical Isle's Family of Grenade Marks, specifically the GRENADE Mark and HAND GRENADE Mark, and demanding that Woody's cease and desist from using "Grenade" or "Hand Grenade" in sales of alcoholic drinks and that Woody's enter into an agreement to cease its infringing conduct.   A copy of the letter is attached as Exhibit A.

28.      On July 4, 2011, Woody's represented that as of July 2, 2011, Woody's had ceased all use of Tropical Isle's Family of Grenade Marks, specifically the GRENADE Mark and HAND GRENADE Mark, and had removed and/or destroyed all related promotional materials.

29.      A couple of weeks later, Tropical Isle discovered that Woody's was promoting, marketing and selling an alcoholic cocktail to consumers under the name "Depth Charges (formerly our Hand Grenade)."

30.      Tropical Isle again demanded that Woody's cease and desist from using "Grenade" or "Hand Grenade" in sales of alcoholic drinks and that Woody's enter into an agreement to cease its infringing conduct.

31.      Woody's eventually provided an executed agreement dated July 20, 2011 ("Agreement") to cease and desist from all unauthorized uses of Tropical Isle's GRENADE

Mark and HAND GRENADE Mark in Woody's business operations.  A copy of the Agreement is attached as Exhibit B.

**32.**     Recently, Tropical Isle discovered that Woody's is now selling an alcoholic drink called "Woody's Bomb (aka Hand Grenade)."  A copy of "Woody's Drink List" advertising the "Woody's Bomb (aka Hand Grenade)" on Woody's website, deweybeachbar.com, is attached as Exhibit C.

33.     Woody's use of "Woody's Bomb (aka Hand Grenade)" to sell alcoholic drinks infringes upon Tropical Isle's Family of GRENADE Marks, specifically the GRENADE Mark and HAND GRENADE Mark, and Woody's use of "Woody's Bomb (aka Hand Grenade)" breaches the Agreement.

34.     Woody's has willfully infringed Tropical Isle's Family of GRENADE Marks, specifically the GRENADE Mark and HAND GRENADE Mark, and, despite executing an agreement to stop using Tropical Isle's trademarks including the GRENADE Marks and HAND GRENADE Mark to sell and promote its products, continues to willfully trade off the goodwill and reputation developed in Tropical Isle's Family of GRENADE Marks over nearly thirty (30) years by Tropical Isle.

35.     Defendants' alcoholic cocktails, sold and marketed using the "Woody's Bomb (aka Hand Grenade)" designation, are counterfeit imitations of Tropical Isle's flagship cocktail and are passed-off as authentic GRENADE or HAND GRENADE cocktails.

36.     Woody's and Tropical Isle are competitors selling alcoholic and non-alcoholic drinks in interstate commerce.

37.     Defendants' infringing conduct is depriving Tropical Isle of the absolute right to control the quality of Tropical Isle's Family of GRENADE Marks, specifically the GRENADE

Mark and HAND GRENADE Mark.  Tropical Isle has spent many years building up enormous goodwill and value associated with Tropical Isle's Family of GRENADE Marks, specifically the GRENADE Mark and HAND GRENADE Mark, which Woody's is now jeopardizing.  Tropical Isle cannot control this goodwill while Woody's continues infringing upon Tropical Isle's Family of GRENADE Marks, specifically the GRENADE Mark and HAND GRENADE Mark.

38.     In addition, Woody's infringement is damaging Tropical Isle's reputation. Woody's blatant infringing conduct conveys to the public and to the marketplace that Tropical Isle's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business.  This damage to Tropical Isle's reputation will not only affect Tropical Isle's Family of GRENADE Marks, specifically the GRENADE Mark and HAND GRENADE Mark, but will affect Tropical Isle's business in whole.

39.     Tropical Isle has been and will continue to be damaged by Woody's activities in an amount which can only be determined by through an accounting.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 32(1) OF THE LANHAM ACT, 15 U.S.C. § 1114(1)
### (AGAINST ALL DEFENDANTS)

40.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

41.     In Tropical Isle's first ground for relief, Tropical Isle alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

42.     Tropical Isle's family of GRENADE Marks and the individual marks in its family are valid trademarks, identifying the source of goods and services provided by Tropical Isle under its family of GRENADE Marks and the individual marks in its family.  Tropical Isle is the senior user of the GRENADE Marks in connection with the goods at issue in this lawsuit.

43.     Tropical Isle's GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the GRENADE Mark.  Tropical Isle is the senior user of the GRENADE Mark in connection with the goods at issue in this lawsuit.

44.     Tropical Isle's HAND GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the HAND GRENADE Mark. Tropical Isle is the senior user of the HAND GRENADE Mark in connection with the goods at issue in this lawsuit.

45.     Prior to using GRENADE and HAND GRENADE in commerce, Defendants had constructive and actual notice of Tropical Isle's GRENADE Mark, HAND GRENADE Mark and family of GRENADE Marks.

46.     Defendants unauthorized and infringing use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' goods by Tropical Isle.  The consuming public and the bar and restaurant trade are likely to believe that Defendants' goods originate with Tropical Isle, are licensed, sponsored or approved by Tropical Isle, or in some way are connected with or related to Tropical Isle.

47.     Mr. O'Conor is individually and personally liable for Woody's trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Mr. O'Conor is a moving, active, conscious force behind Woody's infringement and wields discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

49.     Defendants' unauthorized and infringing use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, in

interstate commerce, constitutes intentional and willful infringement of Tropical Isle's rights in and of its federally registered family of GRENADE Marks, individual marks in its family, and, specifically, its GRENADE Mark and HAND GRENADE Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

50.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

51.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

52.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT II
### FEDERAL TRADEMARK COUNTERFEITING
### 15 U.S.C. §1114
### (ALL DEFENDANTS)

53.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 52, as though fully set forth herein.

54.     As the second ground for relief, Tropical Isle alleges violation of 15 U.S.C. §1114.

55.     Tropical Isle's family of GRENADE Marks and the individual marks in its family are valid trademarks, identifying the source of goods and services provided by Tropical Isle

under its family of GRENADE Marks and the individual marks in its family.  Tropical Isle is the senior user of the GRENADE Marks in connection with the goods at issue in this lawsuit.

56.     Tropical Isle's GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the GRENADE Mark.  Tropical Isle is the senior user of the GRENADE Mark in connection with the goods at issue in this lawsuit.

57.     Tropical Isle's HAND GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the HAND GRENADE Mark. Tropical Isle is the senior user of the HAND GRENADE Mark in connection with the goods at issue in this lawsuit.

58.     Prior to using GRENADE and HAND GRENADE in commerce, Defendants had constructive and actual notice of Tropical Isle's GRENADE Mark, HAND GRENADE Mark and family of GRENADE Marks.

59.     Without Tropical Isle's authorization or consent, Defendants use designations identical or substantially indistinguishable from Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, to offer and advertise goods and products identical to those offered for sale by Tropical Isle.  As a result, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. §1114.

60.     Defendants' use of designations identical or substantially indistinguishable from Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, in connection with identical goods is likely to cause and is causing confusion, mistake and deception among consumers as to the origin of Defendants' goods, and is likely to deceive the public into believing the goods being offered and sold by Defendants originate from,

are associated with, or are otherwise authorized by Tropical Isle, all to  the damage and detriment of Tropical Isle's reputation and goodwill.

61.     Mr. O'Conor is individually and personally liable for Woody's trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

62.     Mr. O'Conor is a moving, active, conscious force behind Woody's trademark counterfeiting and wield discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

63.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

64.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

65.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT III
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. §1125(C)
### (ALL DEFENDANTS)

66.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 65, as though fully set forth herein.

67.     As the third ground for relief, Tropical Isle alleges violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

68.     As a result of the duration, extent, and geographic reach of Tropical Isle's use of Tropical Isle's family of GRENADE Marks and the publicity and advertising and publicity associated with the Tropical Isle's family of GRENADE Marks, Tropical Isle's family of GRENADE Marks have achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. §1125(c).   Tropical Isle's family of GRENADE Marks is widely recognized by the consuming public as a designation of source of Tropical Isle's goods.

69.     As a result of the duration, extent, and geographic reach of Tropical Isle's use of the GRENADE Mark and the publicity and advertising and publicity associated with Tropical Isle's GRENADE Mark, Tropical Isle's GRENADE Mark has achieved an extensive degree of distinctiveness and is a famous mark under the Lanham Act, 15 U.S.C. §1125(c).   Tropical Isle's GRENADE Mark is widely recognized by the consuming public as a designation of source of Tropical Isle's goods.

70.     As a result of the duration, extent, and geographic reach of Tropical Isle's use of the HAND GRENADE Mark and the publicity and advertising and publicity associated with Tropical Isle's HAND GRENADE Mark, Tropical Isle's HAND GRENADE Mark has achieved an extensive degree of distinctiveness and is a famous mark under the Lanham Act, 15 U.S.C. §1125(c).   Tropical Isle's HAND GRENADE Mark is widely recognized by the consuming public as a designation of source of Tropical Isle's goods.

71.     Defendants began using the designation identical or substantially indistinguishable to Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, in interstate commerce in connection with Defendants' goods and services long after Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, became famous and distinctive.

72.     Defendants' use of the designation identical or substantially indistinguishable to Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, dilutes, or is likely to dilute, by blurring the distinction quality of Tropical Isle's famous family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, and by tarnishing the reputation of Tropical Isle and Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

73.     Mr. O'Conor is individually and personally liable for Woody's trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

74.     Mr. O'Conor is a moving, active, conscious force behind Woody's trademark dilution and wields discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

75.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

76.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

77.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT IV
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(A)
## (AGAINST ALL DEFENDANTS)

78.     Tropical Isle repeats and re-alleges the allegations of paragraph 1 through 77. As the fourth ground for relief, Tropical Isle alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as though fully set forth herein.

79.     As the fourth ground for relief, Tropical Isle alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

80.     Defendants' unauthorized use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' services as originating from or being connected with Tropical Isle, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection or association with Tropical Isle, or as to the origin, sponsorship or approval of Defendants' services by Tropical Isle in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

81.     Mr. O'Conor is individually and personally liable for Woody's unfair competition in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(a).

82.     Mr. O'Conor is a moving, active, conscious force behind Woody's unfair competition and wields discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

83.     These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

84.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

85.     In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including treble damages and attorney's fees in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

### COUNT V
### STATE TRADEMARK INFRINGEMENT
### UNDER DELAWARE TRADEMARK ACT 6 DEL. C. § 3301, ET SEQ.
### (AGAINST ALL DEFENDANTS)

86.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 85 as though fully set forth herein.

87.     In Tropical Isle's fifth ground for relief, Tropical Isle alleges violation of the Delaware Trademark Act, 6 *Del. C.* § 3312(1).

88.     Tropical Isle's family of GRENADE Marks and the individual marks in its family are valid trademarks, identifying the source of goods and services provided by Tropical Isle under its family of GRENADE Marks and the individual marks in its family.  Tropical Isle is the senior user of the GRENADE Marks in connection with the goods at issue in this lawsuit.

89.     Tropical Isle's GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the GRENADE Mark.  Tropical Isle is the senior user of the GRENADE Mark in connection with the goods at issue in this lawsuit.

90.     Tropical Isle's HAND GRENADE Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the HAND GRENADE Mark.

Tropical Isle is the senior user of the HAND GRENADE Mark in connection with the goods at issue in this lawsuit.

91.     Prior to using GRENADE and HAND GRENADE in commerce, Defendants had constructive and actual notice of Tropical Isle's GRENADE Mark, HAND GRENADE Mark and family of GRENADE Marks.

92.     Defendants unauthorized and infringing use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' goods by Tropical Isle.  The consuming public and the bar and restaurant trade are likely to believe that Defendants' goods originate with Tropical Isle, are licensed, sponsored or approved by Tropical Isle, or in some way are connected with or related to Tropical Isle.

93.     Mr. O'Conor is individually and personally liable for Woody's trademark infringement in violation of the Delaware Trademark Act, 6 *Del. C.* § 3312(1).

94.     Mr. O'Conor is a moving, active, conscious force behind Woody's infringement and wields discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

95.     Defendants' unauthorized and infringing use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, in interstate commerce, constitutes intentional and willful infringement of Tropical Isle's rights in and of its federally registered family of GRENADE Marks, individual marks in its family, and, specifically, its GRENADE Mark and HAND GRENADE Mark in violation of the Delaware Trademark Act, 6 *Del. C.* § 3312(1).

96.     These acts have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

97.     By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

98.     In addition to an injunction, Tropical Isle is entitled to profits and damages in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**COUNT VI**
**DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**6 DEL. C. § 2531, *et seq.***
**(AGAINST ALL DEFENDANTS)**

99.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 98, as though fully set forth herein.

100.    As the sixth ground for relief, Tropical Isle alleges Defendants violated the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*

101.    The statements, actions, and inactions of Defendants in using Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, as more fully described herein, constitute deceptive trade practices which were in and affect commerce, and which offend public policy, and are immoral, unethical, oppressive, unscrupulous, and substantially injurious.

102.    The statements, actions, and inactions of Defendants violated the prohibition against deceptive trade practices found in 6 *Del. C.* § 2532.

103.    Defendants' unauthorized use of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or of misunderstanding as to the sponsorship, approval, affiliation or connection of Woody's and Tropical Isle's businesses and goods, inasmuch as it gives rise to the incorrect belief that Woody's business and goods have some connection with Tropical Isle.  These acts constitute deceptive trade practices in the course of Woody's business in violation of the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*

104.    Mr. O'Conor is individually and personally liable for Woody's trademark infringement in violation of the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*

105.    Mr. O'Conor is a moving, active, conscious force behind Woody's infringement and wields discretionary authority within Woody's by virtue of being a member, officer, and manager with substantial decision making power.

106.    These acts have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

107.    By reason of Defendants' conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Defendants are enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

108.    In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including statutory damages, treble damages, and attorney's fees in an

amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

## COUNT VII
### DELAWARE COMMON LAW TRADEMARK INFRINGEMENT
### (AGAINST WOODY'S)

109.    Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 108, as though fully set forth herein.

110.    As the seventh ground for relief, Tropical Isle alleges trademark infringement under Delaware common law.

111.    The acts of Woody's constitute trademark infringement under the law of the State of Delaware.

112.    Upon information and belief, Woody's has acted willfully, and with the intention and the likely result of confusing, misleading, and deceiving consumers.

113.    The acts of Woody's constitute willful infringement of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark.

114.    These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

115.    By reason of Woody's conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Woody's is enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

116.    In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law including statutory damages, treble damages, and attorney's fees in an

amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

### COUNT VIII
### BREACH OF CONTRACT
### (AGAINST WOODY'S)

117.    Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 116, as though fully set forth herein.

118.    As the eighth ground for relief, Tropical Isle alleges breach of contract.

119.    On July 20, 2011, Woody's entered into the Agreement promising to cease and desist from using Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark.

120.    In consideration, Tropical Isle agreed to not take legal action against Woody's.

121.    Woody's deliberately breached the Agreement and used Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark in commerce without authorization from Tropical Isle.

122.    These acts have occurred in interstate commerce and have caused, and unless restricted by this Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

123.    By reason of Woody's conduct, Tropical Isle has and will continue to suffer irreparable harm, and unless Woody's is enjoined from continuing their wrongful acts, the damage to Tropical Isle will continue.

124.    In addition to an injunction, Tropical Isle is entitled to profits, damages, and costs as provided by law in an amount to be determined at trial. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

**PRAYER FOR RELIEF**

Tropical Isle prays that this Court will enter a judgment and order against Jimmy O, LLC and James P. O'Conor as follows:

1.      Jimmy O, LLC and James P. O'Conor willfully violated Sections 32, 43(a), and 43(c) of the Lanham Act;

2.      Jimmy O, LLC and James P. O'Conor willfully violated Section 3312(1) of the Delaware Trademark Act;

3.      Jimmy O, LLC and James P. O'Conor willfully committed acts of deceptive trade practices under Delaware statutory law, 6 *Del. C.* § 2532;

4.      Jimmy O, LLC breached its contract with 721 Bourbon, Inc.;

5.      Defendants and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, shall be preliminarily and permanently enjoined and restrained from:

> a.  Using Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, or any reproduction, counterfeit, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services that are not authorized by Tropical Isle;

> b.  Using any name, designation, or mark that wholly incorporates Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, or is confusingly similar to, including but not limited to any reproduction, counterfeit, copy or a colorable imitation

of Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark;

c. Doing any other act or thing likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with Tropical Isle or its services;

d. Injuring Tropical Isle's business reputation and the goodwill associated with Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark, and from otherwise unfairly competing with Tropical Isle in any manner whatsoever;

e. Passing off Defendants' goods or services as those of Tropical Isle;

f. Committing any acts which will dilute, blur or tarnish, or are likely to dilute, blur or tarnish, the distinctive quality of the Tropical Isle's famous family of GRENADE Marks, and specifically its famous GRENADE Mark and famous HAND GRENADE Mark;

6.    Pursuant to 15 U.S.C. §1118, Defendants be required to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear any Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark or any other mark that is likely to be confused with Tropical Isle's family of GRENADE Marks, and specifically the GRENADE Mark and HAND GRENADE Mark;

7.    Because of Defendants' willful actions and pursuant to 15 U.S.C. §1117, Tropical Isle be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

a.  all profits received by Defendants from sales and revenue of any kind made as a result of their actions, and all damages sustained by Tropical Isle as a result of Defendants' actions, and that such profits and damages be trebled;

b.  or, if Tropical Isle so elects, an award for statutory damages pursuant to 15 U.S.C. §1117(c)(2) consisting of $2,000,000 per counterfeit mark, per type of goods or services sold, offered for sale or distributed; and,

c.  the cost of the action.

8.      Pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court and serve on Tropical Isle within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

9.      Because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this court award to Tropical Isle all reasonable attorneys' fees, costs, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. §§1117(a) and (b) and 6 *Del. C.* § 2533(b);

10.     That Tropical Isle shall have such other and further relief as this Court may deem just against such Defendants.


Dated this 9th day of September, 2017.

**EICHER LAW LLC**


  */s/Jeremy D. Eicher*                
Jeremy D. Eicher (I.D. No. 5093)
The Nemours Building
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302-307-3970
E-mail: jeicher@eicherlaw.com

Co-Counsel:
Gregory D. Latham (La. Bar No. 25955)
Richard T. Sahuc (La. Bar No. 29668)
**INTELLECTUAL PROPERTY CONSULTING, LLC**
334 Carondelet Street, Suite B
New Orleans, Louisiana 70130
Telephone: (504) 322-7166
Facsimile: (504) 322-7184
E-mail: glatham@iplawconsulting.comE-mail: rsahuc@iplawconsulting.com

***Attorneys for Petitioner 721 Bourbon Inc.***